MATTHEW ABBASI, ESQ.; SBN 215030
**LAW OFFICES OF ABBASI & ASSOCIATES**
8889 WEST OLYMPIC BOULEVARD, SUITE 240
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 358-9341
FACSIMILE: (888) 709-5448

ATTORNEYS FOR SECURED CREDITOR,
FINNEGAN & DIBA, A LAW CORPORATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JANE CHONGHEE KIM,<br><br>        Debtor.<br><br>_____<br>FINNEGAN & DIBA, A LAW<br>CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br><br>JANE CHONGHEE KIM, an Individual,<br><br>        Defendant. | **Case No.: 2:13-bk-25661-BB**<br><br>**Adversary Proceeding No.:**<br><br><u>**CHAPTER 7**</u><br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER:**<br><br>  1. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a) (4)**<br>  2. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a) (3)**<br>  3. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a) (2)**<br>  4. **OBJECTION TO DISCHARGE 11 U.S.C. § 523 (a) (2)**<br>  5. **OBJECTION TO DISCHARGE 11 U.S.C. § 523 (a) (3)**<br>  6. **OBJECTION TO DISCHARGE 11 U.S.C. § 523 (a) (4)**<br>  7. **OBJECTION TO DISCHARGE 11 U.S.C. § 523 (a) (6)** |

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

**TO THE HONORABLE COURT, US TRUSTEE'S OFFICE, DEBTOR, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Creditor, FINNEGAN & DIBA, A LAW CORPORATION hereby files the herein Complaint against the Debtor, JANE CHONGHEE KIM, (hereinafter "Debtor"), as follows:

## JURISDICTIONAL OPERATIVE FACTS

1.      The Debtor filed her Voluntary Petition under Chapter 7 in this District on **July 14, 2013**, and was assigned Case No: 2:13-bk-25661-BB. Therefore, this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2.      This Complaint is filed pursuant to 11 U.S.C. § 727 (a) (2), § 727 (a) (3), and § 727 (a) (4).

3.      Venue is proper pursuant to §28 U.S.C. 1409, by virtue of this Chapter 7 case pending before the United States Bankruptcy Court for the Central District of California, and since all of the parties and property are located within this district and the wrongful acts complained of occurred within this District.

## PARTIES

4.      The Debtor is a practicing Certified Public Accountant and an individual who resides in Los Angeles, California. Further, on information and belief, Debtor is also the managing member and the owner-operator of two entities, to wit: E&E Global, LLC ("E&E") and Kingsley Management, LLC ("Kingsley"), which have served as her alter ego for the purposes of transferring assets held in her name prior to the filing of the pending Chapter 7 case for the sole purpose of avoiding her creditors, including, Plaintiff, F&D in this action.

5.      Plaintiff, FINNEGAN & DIBA, ("F&D") is a California Law Corporation, in good standing and duly registered as a professional corporation with the State Bar of California,

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

entitled to practice law in the State of California and all of its courts, and a pre-petition creditor of Debtor, Kim.

### PROCEDURAL BACKGROUND

6.      On **July 14, 2013**, the Debtor filed her latest Chapter 7 case ("Second Personal BK").

7.      On **July 17, 2012**, the Debtor filed a prior Chapter 7 Bankruptcy ("First Personal BK") bearing case number 2:12-bk-34663-PC. This case was dismissed and closed on **May 28, 2013** after the Debtor failed to attend the continued 341 (A) Creditor Meeting on March 12, 2013 and failed to respond to the US Trustee's request for documents and information. At the time, F&D had a pending Adversary Complaint against the Debtor (explained below).

8.      Before the First Personal BK was dismissed, F&D obtained an Order Granting F&D's Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (Action In Non-Bankruptcy Forum) on **October 5, 2012** to perfect the State Court Judgment it had obtained before the First Personal BK.

9.      Before the First Personal BK was dismissed, F&D filed an Adversary Complaint against the Debtor under case number 2:12-ap-02430 on **November 2, 2012** objecting to the Debtor's discharge under 11 U.S.C. § 727(a)(3),(4)(A), and (a)(2)(A). During the pendency of that case, the Debtor refused to respond to F&D's written discovery and, refused to respond to the Trustee's request for documents/information. In the end, said Adversary Complaint was dismissed after the First Personal BK case was dismissed as explained above.

10.     The Debtor's proven alter-ego Kingsley (an LLC owned wholly by the Debtor and used to conduct several fraudulent transactions) also filed for Chapter 7 bankruptcy bearing case number 2:11-bk-40460-PC) on **July 16, 2011.** This filing was also dismissed on **October 14, 2011,** because the Debtor failed to appear at the 341 (a) Creditor Meeting and to cooperate with the Trustee's request for documents/information.

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

11.     In sum, every July for the past several years the Debtor has filed a Chapter 7 Case to take advantage of the automatic stay to buy time. Each filing was dismissed after creditors sought relief from the stay or filed adversary proceedings.

## ALLEGATIONS COMMON TO ALL COUNTS

### A.     F&D IS A SECURED JUDGMENT CREDITOR AND HAS A JUDICIAL LIEN ON DEBTOR'S REAL PROPERTY HOLDINGS.

12.     F&D is a secured judgment creditor by virtue of the two (2) perfected judgments F&D has obtained against the Debtor. As explained below, the Debtor has not listed or disclosed these perfected judgments in the herein filing despite the fact the Debtor is fully aware of both of these perfected judgments. These omissions are all the more glaring considering that the Debtor had previously listed F&D and its judgments in her prior filings.

13.     F&D's first judgment against the Debtor was obtained in a civil matter entitled FINNEGAN & DIBA v. KIM, et al., bearing LASC Case No. BC438836. This lawsuit and judgment relates to and arises out of the Debtor's failure to pay her outstanding legal fees to F&D. A true and correct copy of the first Judgment (BC438836) is attached as **Exhibit "A"** and incorporated by reference herein.

14.     F&D's second judgment against the Debtor was obtained in a civil matter entitled FINNEGAN & DIBA v. KIM, et al., bearing LASC Case No. BC485138. This lawsuit and judgment relates to and arises out of Debtor's fraudulent transfers of her properties to her alter-egos to avoid her liabilities; sham recordation of false liens on her properties based on sham/fraudulent promissory notes; and civil conspiracy to defraud F&D and other creditors. A true and correct copy of the second Judgment (BC485138) is attached as **Exhibit "B"** and incorporated by reference herein.

15.     As it stands, as per these two (2) judgments (Exhibits A and B), the Debtor owes F&D a total sum of **$176,043.67** which are <u>secured</u> by the Debtor's real property holdings as fully set out in the Judgment. F&D filed Proof of Claim No. 1 dated July 2, 2013 and amended

the same on September 5, 2013. A true and correct copy of F&D's Amended Proof of Claim is attached as **Exhibit "C"** and incorporated by reference herein.

16.     As explained below and already adjudicated and proven in State Court, the Debtor has masterminded a complex fraudulent scheme and conspiracy to defraud F&D and her other creditors with the use of alter-egos (E&E and Kingsley); and the use of fraudulent/sham real estate transfers and transactions which involved the recordation of fraudulent/sham Deeds of Trust. Said Deeds of Trust were in turn based on fraudulent/sham promissory notes.

17.     As already proven, during the litigation of the first state court action (LASC Case No. BC438836) and prior to the trial of this action, on or about **March 11, 2011** the Debtor transferred title to all of her real estate holdings, including her personal residence, to her alter-ego entities (E&E and Kingsley), **for ($0) no consideration.** Further, the Debtor fraudulently recorded sham Deeds of Trust on her real estate holdings to fraudulently shield her assets from creditors, including F&D. Upon learning of the Debtor's actions, on May 22, 2012, F&D instituted the aforementioned second lawsuit entitled FINNEGAN & DIBA v. KIM, et al., bearing LASC Case No. BC485138, against the Debtor, E&E & Kingsley. In this action, F&D alleged causes of action for: (1) Set Aside Fraudulent Transfer; (2) Civil Conspiracy; (3) Decree Of Sale Of Properties Based on Enforcement of Judgment (4) Unjust Enrichment; and (5) Declaratory Relief.

18.     As per the second Judgment (Exhibit B) F&D obtained in the Los Angeles Superior Court, the Court  issued an Order and Judgment to set aside the fraudulent Deeds of Trust and Quitclaim Deeds recorded on and encumbering the real property more commonly known as 14293 Foothill Blvd., No. 14, Los Angeles, CA 91342. Further, the Court declared the following sham and fraudulent Deeds null and void on this property:

a.     Short Form Deed of Trust and Assignment of Rents in favor of a private beneficiary, Benjamin Hooshim, as evidenced by Instrument No. 20111284326;

b.     Short Form Deed of Trust and Assignment of Rents in favor of a private beneficiary, Alexandre S.Oh, as evidenced by Instrument No. 20111284327; and

c.     Quitclaim Deed as evidenced by Instrument No. 20120783686.

19.     As per the second Judgment (Exhibit B) F&D obtained in the Los Angeles Superior Court, the Court  issued an Order declaring the Debtor's fraudulent transfers of the following properties to the Debtor's alter-egos (E&E and Kingsley) null and void and declared that the Debtor is true and correct owner of these properties:

a.     3841 Shannon Rd., Los Angeles, CA 90027, APN: 5592-011-032;

b.     14293 Foothill Blvd., No. 14, Los Angeles, CA 91342, APN: 2504-007-057;

c.     3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007, APN: 5040-001-006;

20.     As per the second Judgment (Exhibit B) F&D obtained in the Los Angeles Superior Court, the Court issued an Order declaring that F&D shall have the right to attach or execute and levy on any and all tangible and intangible assets of the Debtor, inclusive of any and all rental income and monies held in the bank accounts of E&E and Kingsley and **Ordered the sale** of the Debtor's assets including her real property holdings until the full satisfaction of F&D's Judgments.

21.     In sum, as per its perfected Judgments, F&D is a Secured Judgment Creditor in first position on the Debtor's real property holdings following the nullification of Debtor's sham and fraudulent recordings.

**B.     THE DEBTOR HAS NOT LISTED HER TRUE AND CORRECT CORPORATE INTERESTS, AND FAILED TO REPORT HER TRUE AND CORRECT RENTAL & BUSINESS INCOME.**

22.     Debtor's schedule "I" fails to list Debtor's true and correct income because the Debtor has failed to report her gross business receipts or rental income derived from the real properties presently held by her corporate entities, E&E and Kingsley who are the record-

titleholders by virtue of her fraudulent transfers committed by the Debtor. The Debtor has identified some of her assets but has purposefully failed to list all of them as such a complete disclosure would make her ineligible to file a personal bankruptcy. Overall, the Debtor has not fully disclosed her true and correct income in her Petition. Specifically, the Debtor has not listed or disclosed her full rental income from her real property holdings, her full business income from her 99 Cents Stores, and her full professional income as a practicing CPA.

23.     The Debtor's Statement of Financial Affairs does not identify any rental real estate income for the year 2012 and 2013; does not list her assets and income from her the two 99 Cent Store, and active CPA practice; and does not list E&E and Kingsley's true and correct assets and income.

24.     In furtherance thereof and at all times material herein, the Debtor has operated her practice under the name JANE KIM & COMPANY. The Debtor, Jane Kim, filed as an individual a Fictitious Business Name Statement to do business as "Jane Kim & Company," duly recorded on March 15, 2010, with the Los Angeles County Recorder's Office, Instrument No. 20100350263.

25.     During the pendency of the first state court action involving F&D, the Debtor filed another Fictitious Business Name Statement for the fictitious business names, "JANE KIM" and "JANE KIM & CO" but through the registrant, E & E. Said FBN statement was executed by the Debtor as the "manager" of E &E, duly recorded on October 1, 2010, with the Los Angeles County Recorder's Office, Instrument No. 20101403419.

26.     As it stands, the Debtor continues to operate her accounting practice under the fictitious business name JANE KIM & CO, but she has effectively concocted a convoluted scheme to hide her assets, mislead her creditors, and shield herself from personal liability, inclusive of F&D, as to how and under what type of business organization she operates her accounting practice: a Sole Proprietorship v. Limited Liability Company.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

27.    In her Petition, the Debtor does list or even mention F&D's Judgments, or the monies the Debtor owes to F&D. Further, the Debtor **does not list** the prior bankruptcy filed by this alter-ego (Kingsley) in her Petition. These omissions are glaring considering that the herein filing is the Debtor's third bankruptcy filing through the same attorney!

28.    In conclusion, it is clear that in her latest Petition the Debtor is misrepresenting her bankruptcy filled past; misrepresenting her income by only disclosing a portion of her income as a practicing CPA; and misrepresenting her income from her businesses and properties. Moreover, as evidenced by F&D's perfected state court judgments, the Debtor has sought to defraud F&D and other creditors by recording sham/fraudulent liens on her properties to exempt these properties in the herein case or to shield them from creditors. As set forth above, the Debtor has been anything but forthright with the with regards to her income, assets, creditors and has abused the bankruptcy automatic stay with her repeated filings. As these actions and omissions are clearly substantial and intentional, it is clear that the Debtor filed the herein case in bad faith to avoid creditors in complete violation of the letter and spirit of the Bankruptcy Code. Overall, the Debtor's true income makes her ineligible for a Chapter 7 Discharge as her income is beyond the median income qualifications. Further, the Debtor is ineligible for Chapter 13 as the Debtor's secured debts are over a million dollars.

29.    For the above stated reasons, the Debtor is not entitled to a discharge in this case. Even if the court determines that the Debtor is entitled to file this petition to discharge debts, the Debtor is not entitled to discharge F&D's secured judgments.

## **FIRST CAUSE OF ACTION**

### **(Objection to Discharge – False Oath)**

### **11 U.S.C. § 727(a) (4)**

30.    F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 29 as though fully set forth herein.

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

31.     F&D is informed and believes and on that basis alleges that the Debtor has knowingly and fraudulently, in connection with this case, made a false oath or account to defraud F&D and all her creditors. F&D makes this allegation based upon the Debtor's failure to disclose in her bankruptcy petition and schedules, the Debtor's interest in real properties held in her name as well as her Alter Egos, to wit: E&E and Kinglsey, as well as her true and correct income derived from her accounting practice, 99 cent supermarket, and the rental income derived from her rental income properties.

32.     Debtor's false oath(s) within his bankruptcy schedules and statements constitute conduct which prohibit discharge pursuant to 11 U.S.C. §727(a)(4)(A).

## SECOND CLAIM FOR RELIEF

### (Objection to Discharge – Failure to Keep or Preserve Records)

### 11 U.S.C. § 727(a) (3)

33.     F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34.     F&D is informed and believes and on that basis alleges that the Debtor has concealed, destroyed, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition might be ascertained. Further, the Debtor has intentionally created, and recorded false and sham liens on her real property holding in order to defraud F&D and all her creditors.

35.     Debtor's failure to keep or preserve records and papers from which her financial condition might be ascertained are unjustified. Debtor's failure to keep and maintain documents and records regarding his financial condition constitutes conduct which prohibits discharge pursuant to 11 U.S.C. §727(a)(3).

///

///

////

## THIRD CLAIM FOR RELIEF

### (Objection to Discharge – Transfers and Concealment)

### 11 U.S.C. § 727(a) (2)

36.     F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

37.     The Debtor, with the intent to hinder, delay or defraud creditors transferred and concealed her property and/or property interests for no consideration, filed fraudulent/sham recordings on her properties, and filed three (3) frivolous bankruptcy petitions in the past (3) three years in order to defraud F&D and her creditors.

38.     The Defendant's transfer and/or concealment of the property set forth herein-above and the frivolous filing of the Chapter 7 petitions is the type of conduct that should result in denial of his Chapter 7 discharge.

## FOURTH CLAIM FOR RELIEF

### (Objection to Discharge – False Pretense and Actual Fraud)

### 11 U.S.C. § 523 (a) (2)

39.     F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 38 as though fully set forth herein.

40.     As set forth above and evidenced by the attached Court Order (Exhibit B), the Debtor has recorded false and fraudulent/sham liens on her real properties in order to hide her true assets in order to exempt these properties in her Chapter 7 Bankruptcy case or to otherwise hide her assets from her creditors. These actions, along with the Debtor intentional misrepresentations under oath and in her petition and supporting documents, collectively and clearly reflect and evidence that the Debtor's conduct is intentional, purposeful, malicious and fraudulent.

41.     For these reasons, the Debtor must not be allowed to discharge F&D's rightful judgments and liens in this bankruptcy case.

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

## FIFTH CLAIM FOR RELIEF

### (Objection to Discharge – Failure to List Creditors)

### 11 U.S.C. § 523 (a) (3)

42.    F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43.    As set forth above, the Debtor has has purposefully and intentionally failed to list Kinsley's prior bankruptcy filing; F&D's judgments (Exhibits A & B); and Debtor's indebtedness to F&D in any manner on her schedules and in the Petition. As noted before, this is the Debtor's third filings and the Debtor is fully aware of F&D's judgments and claims. Therefore, the Debtor's failure to list F&D in any shape, manner or form is without justification. As evidenced by Exhibit "C" to this Complaint (F&D's Proof of Claim), F&D is a secured judgment creditor in first position on Debtor's properties.

44.    For these reasons, the Debtor must not be allowed to discharge F&D's rightful judgments and liens in this bankruptcy case.

## SIXTH CLAIM FOR RELIEF

### (Objection to Discharge – Actual Fraud and Defalcation)

### 11 U.S.C. § 523 (a) (4)

45.    F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46.    As already proven in State Court, the Debtor has committed actual fraud when she transferred and deeded all her real properties holdings to her alter-egos for no-value to avoid creditors. Further, the Debtor has committed actual fraud when she caused the recordation of sham and fraudulent liens based on sham and fraudulent promissory notes to shield her assets from F&D and other creditors. Finally, the Debtor (a sophisticated and practicing CPA) has committed fraud in her pending bankruptcy by intentionally misstating her true and correct income from her CPA practice; her true and correct income from her rental properties; her true

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

and correct income from her businesses; and her true and correct interest in her real property holdings.

47.    For these reasons, the Debtor must not be allowed to discharge F&D's rightful judgments and liens in this bankruptcy case.

## SEVENTH CLAIM FOR RELIEF

### (Objection to Discharge – False and Malicious Injury)

### 11 U.S.C. § 523 (a) (6)

48.    F&D re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 47 as though fully set forth herein.

49.    As set forth above, the Debtor's has maliciously sought to defraud and injure F&D by failing to list F&D's claims/judgments; recording sham/fraudulent recordings to avoid F&D's claims/judgments; fraudulently transferring her assets to her alter-egos E&E and Kingsley; and intentionally failing to list all of her assets and income to make her eligible for filing a chapter 7 bankruptcy case.

50.    The Debtor is a sophisticated and practicing CPA and therefore she is fully aware of her actions and fully understands the implications of her intentional actions at all relevant times. Therefore, her actions are malicious with full intent to cause F&D harm.

51.    For these reasons, the Debtor must not be allowed to discharge F&D's rightful judgments and liens in this bankruptcy case.

## PRAYER FOR RELIEF

WHEREFORE, F&D Pray for Judgment as follows:

a.    An order of this Court, declaring and adjudicating denial of discharge based upon Debtor's false oath(s) within the bankruptcy statements and schedules as provided for in 11 U.S.C. § 727(a)(4);

b.    An order of this Court, declaring and adjudicating denial of discharge as provided for under 11 U.S.C. § 727(a) (3);

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

      c.    An order of this Court declaring and adjudicating denial of discharge as provided for under 11 U.S.C. Section 727(a) (2);

      d.    An order of this Court declaring and adjudicating denial of discharge as provided for under 11 U.S.C. Section 523 (a) (2);

      e.    An order of this Court declaring and adjudicating denial of discharge as provided for under 11 U.S.C. Section 523 (a) (3);

      f.    An order of this Court declaring and adjudicating denial of discharge as provided for under 11 U.S.C. Section 523 (a) (4);

      g.    An order of this Court declaring and adjudicating denial of discharge as provided for under 11 U.S.C. Section 523 (a) (6);

      h.    Attorney's Fees and Costs of Suit herein;

      i.    That this Court grant F&D such other and further relief as the Court deems just and proper according to proof at time of trial.

DATED: September 6, 2013

**LAW OFFICES OF ABBASI & ASSOCIATES**

By:_____
MATTHEW ABBASI, ESQ.,
ATTORNEYS FOR   SECURED CREDITOR,
FINNEGAN & DIBA, A LAW CORPORATION

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

# EXHIBIT "A"

Case 2:13-ap-01907-BB    Doc 1    Filed 09/06/13    Entered 09/06/13 15:25:39    Desc
Case 2:13-bk-25661-BB    Claim 1    Main Document    Filed 09/05/13    Desc Main Document    Page 5 of 10

Claim 1-1    Part 1    Page 15 of 26

1  **LAW OFFICES OF HOWARD A. KAPP**
   3731 WILSHIRE BOULEVARD, SUITE 514
2  LOS ANGELES, CALIFORNIA  90010

3  TELEPHONE (213) 927-8000

4  STATE BAR NO. 86207

5  Attorneys for Plaintiff, Finnegan & Diba, a
   Law Corporation
6

7

8

9

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES

12

13  FINNEGAN & DIBA, A LAW            )  Case No. BC438836
    CORPORATION,                      )
14                                    )  **JUDGMENT BY COURT**
                                      )
15         Plaintiff,                 )
                                      )
16         vs.                        )
                                      )
17  JANE KIM, et al.,                 )
                                      )
18         Defendants.                )
                                      )
19  _____  )

20  TO EACH DEFENDANT AND ITS ATTORNEYS OF RECORD:

21         This action came on regularly for trial on September 9, 2011 in Department 50 of the Los

22  Angeles Superior Court, the Hon. John Shepard Wiley, Jr., Judge presiding.  Howard A. Kapp

23  of the Law Offices of Howard A. Kapp appeared on behalf of plaintiff.  Edward Kang, Esq., of

24  Lurie & Park appeared on behalf of defendant Jane Kim.  There were no other appearances.

25         The Court heard the trial without a jury.  After hearing the evidence and arguments of

26  counsel, the Court decided as follows:

27         1.      The plaintiff is entitled to judgment on the breach of contract cause of action in

28

                                      1.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 28 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
        DON BROSTOFF

JUDGMENT ENTERED NUNC PRO TUNC
TO 9/28/2011 PER ORDER OF
COURT 5-24-2012
ATTEST: R. Calle
DEPUTY CLERK SUPERIOR COURT

JUDGMENT VACATED
PER ORDER OF COURT
ATTEST: R. Calle
DEPUTY CLERK SUPERIOR COURT

JUDGMENT ENTERED NUNC PRO TUNC
TO 9/28/2011 PER ORDER OF
COURT 4-30-2013
ATTEST: [illegible]
DEPUTY CLERK SUPERIOR COURT

Law Offices of Howard A. Kapp
3731 Wilshire Boulevard, Suite 514
Los Angeles, California 90010
(213) 927-8000

1    the amount of $109,843.89, plus prejudgment legal interest in the amount of $27,052.13 as of

2    September 22, 2011.

3        2.    Plaintiff did not sustain its burden of proving fraud by clear and convincing

4    evidence. Thus, defendant is entitled to prevail on this cause of action.

5        3.    The plaintiff is entitled to reformation of the "dispute clause" of all relevant

6    

7    retainer agreements replacing the phrase "In the event of a dispute regarding this agreement, the

8    prevailing party shall pay any and all costs of collection inclusive of ATTORNEY's fees

9    incurred." to "In the event of a dispute regarding this agreement, the prevailing party shall

10   recover any and all costs of collection inclusive of ATTORNEY's fees incurred."

11       4.    . Plaintiff is deemed the prevailing party and entitled to all such costs and reasonable

12   attorneys' fees.  Plaintiff is instructed to include the amount of such attorneys' fees claimed in

13   its memorandum of costs.

14                                        $ 81,120.39   0.00    4-30-2013   1-15-2013

15       5.    Plaintiff is entitled to costs in the amount of $ 98,535.39

16   Dated:    SEP 2 8 2011

17

18                    ~~John Shepard Wiley, Jr.~~

19                    Judge of the Superior Court
                      **JUDGE COLEMAN A. SWART**

20

21

22

23

24

25

26

27

28

2.

# EXHIBIT "B"

1  HOWARD A. KAPP, ESQ. (SBN# 86207)
   THE LAW OFFICES OF HOWARD A. KAPP.
2  3731 WILSHIRE BLVD., SUITE # 514
   LOS ANGELES, CA 90010
3  TELEPHONE: (213)927-8000
   FACSIMILE:(213)927-8001
4

5  Attorneys for Plaintiff, FINNEGAN & DIBA, A LAW CORPORATION

COPY **ORIGINAL FILED**

JUN 1 9 2013

LOS ANGELES
SUPERIOR COURT

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           COUNTY OF LOS ANGELES-CENTRAL DISTRICT

9

10 FINNEGAN & DIBA, A LAW                )  Case Number: BC485138
   CORPORATION                          )
11                                        )  ~~[PROPOSED]~~
                     Plaintiff,          )  **DEFAULT JUDGEMENT BY COURT**
12                                        )
   vs.                                   )
13 JANE KIM, an INDIVIDUAL AND DOING     )
   BUSINESS AS JANE KIM & COMPANY;       )
14 E & E GLOBAL, a CALIFORNIA LIMITED    )
   LIABILITY COMPANY AND DOING           )
15 BUSINESS AS JANE KIM & COMPANY;       )
   KINGSLEY MANAGEMENT, a                )
16 CALIFORNIA LIMITED LIABILITY          )
   COMPANY; and DOES, 1 through 100,     )
17 INCLUSIVE                             )
                                         )
18                   Defendant           )
                                         )
19 _____

20    This cause came on for hearing on May 31, 2013 at 8:30 a.m., before the Honorable

21 Richard L. Fruin, Jr., Judge presiding in Department "15" of the above-entitled court located at

22 111 N. Hill Street, Los Angeles, CA 90220. No appearances were made.

23    It appearing that defendants, JANE KIM, E&E GLOBAL, LLC; and KINGSLEY

   MANAGMENT, LLC, having been regularly served with process of Summons and Complaint,
24
   and having failed to appear and answer plaintiff's complaint filed herein, and the default of this
25
   defendant having been duly entered; on application of plaintiff to the court, and having heard and
26
   considered the evidence.
27

28

---

1
**DEFAULT JUDGEMENT BY COURT**

1   IT IS ORDERED that plaintiff have and recover judgment against Defendants, Jane Kim,

2   also known as Chonghee Kim, Chonghee Jane Kim and Jane Park, and her alter egos, E&E

3   GLOBAL, LLC, and KINGSLEY MANAGEMENT, LLC on all of the causes of action as

4   follows:

5      A.      That the transfers from Defendant KIM to Defendant E&E, and the subsequent

6   transfers from Defendant E&E to Defendant KINGSLEY, enlisted below by property address and

7   associated instrument number recorded with the Los Angeles County Recorders Office are

8   hereby set aside and declared void:

9            1.   3841 Shannon Rd., Los Angeles, CA 90027, APN: 5592-011-032,

10                by Instrument No. 20110379321

11           2.   14293 Foothill Blvd., No. 14, Los Angeles, CA 91342, APN: 2504-007-

12                057, by Instrument No. 20110379326

13           3.   3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007, APN: 5040-

14                001-006, by Instrument No. 20110379324

15                On September 15, 2011, Defendant E&E next transferred to Defendant

16           4.   3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007, APN: 5040-

17                001-006, by Instrument No. 20110953568.

18     B.      That the below-enlisted Deeds of Trust and Quitclaim Deed recorded on and

19   encumbering the real property more commonly known as 14293 Foothill Blvd., No. 14, Los

20   Angeles, CA 91342 are hereby declared to be a cloud on title, set aside and declared void:

21           1.   Short Form Deed of Trust and Assignment of Rents in favor of a private

22                beneficiary, Benjamin Hooshim, as evidenced by Instrument No.

23                20111284326.

24           2.   Short Form Deed of Trust and Assignment of Rents in favor of a private

25                beneficiary, Alexandre S.Oh, as evidenced by Instrument No.

26                20111284327.

27           3.   Quitclaim Deed as evidenced by Instrument No. 20120783686.

28

2

**DEFAULT JUDGEMENT BY COURT**

1      **C.**    KIM shall hold an undivided 100% interest in the below-enlisted properties, in

2 constructive trust for Plaintiff and the underlying Judgment and the Abstract of Judgment in

3 LASC Case No. BC438836 is hereby declared a lien on the same properties until the Judgment is

4 satisfied in full:

5         1.    3841 Shannon Rd., Los Angeles, CA 90027, APN: 5592-011-032,

6         2.    14293 Foothill Blvd., No. 14, Los Angeles, CA 91342,

7             APN: 2504-007-057,

8         3.    3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007,

9             APN: 5040-001-006,

10         4.    727 S. Ardmore Avenue, Apt. 104, Los Angeles, CA 90005,

11             APN: 5093-025-036

12      **D.**    Defendants, E&E and KINGSLEY have no legally cognizable rights as to any of

13 the Properties below-enlisted:

14         1.    3841 Shannon Rd., Los Angeles, CA 90027, APN: 5592-011-032,

15         2.    14293 Foothill Blvd., No. 14, Los Angeles, CA 91342,

16             APN: 2504-007-057,

17         3.    3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007,

18             APN: 5040-001-006,

19         4.    727 S. Ardmore Avenue, Apt. 104, Los Angeles, CA 90005,

20             APN: 5093-025-036

21      **E.**    The sale of the below-enlisted properties is hereby ordered until the full

22 satisfaction of monies owed to Plaintiff pursuant to the Judgment entered in LASC Case No.

23 BC438836:

24         1.    3841 Shannon Rd., Los Angeles, CA 90027, APN: 5592-011-032,

25         2.    14293 Foothill Blvd., No. 14, Los Angeles, CA 91342,

26             APN: 2504-007-057,

27         3.    3116 S. Normandie Blvd., Nos. 1-4, Los Angeles, CA 90007,

28             APN: 5040-001-006,

---

**3**

**DEFAULT JUDGEMENT BY COURT**

1     4.     727 S. Ardmore Avenue, Apt. 104, Los Angeles, CA 90005,

2            APN: 5093-025-036

3     F.     Defendants are hereby permanently enjoined from encumbering or recording any

4 instrument which could be construed as constituting a cloud upon title to each of the Properties

5 enlisted herein until the Judgment entered in LASC Case No. BC438836 is satisfied in full;

6     G.     Defendants and/or their representative, attorneys, or agents, officers, directors,

7 employees, agents, subsidiaries, and all persons in active concert or participation with any of

8 them are hereby permanently enjoined and restrained from selling, transferring, conveying or

9 otherwise disposing of any of the properties enlisted herein until the full satisfaction of judgment

10 in entered in LASC Case No. BC438836.

11    H.     Defendants shall account for and disgorge any and all rental income or other

12 profits derived from the real properties transferred, payable to Plaintiff in satisfaction of the

13 judgment entered in LASC Case No. BC438836.

14    I.     Defendants shall have the right to attach or execute and levy on any and all

15 tangible and intangible assets of Defendants, inclusive of any and all rental income and monies

16 held in the bank accounts of Defendants, E&E GLOBAL, LLC and KINGSLEY

17 MANAGEMENT, LLC, the alter egos of KIM, until the full satisfaction of judgment entered in

18 LASC Case No. BC438836.

19    J.     Plaintiff is deemed the prevailing party and entitled to recovery of all costs

20 pursuant to its memorandum of costs, in the amount of $675.00.

21

22 Dated: June 19, 2013

23            _____
              Honorable Judge, Richard L. Fruin, Jr.

24

25

26

27

28

---

**4**

**DEFAULT JUDGEMENT BY COURT**

# EXHIBIT "C"

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>CHONGHEE JANE KIM | Case Number:<br>2:13-bk-25661-BB |
|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**FINNEGAN & DIBA, A LAW CORPORATION**

Name and address where notices should be sent:
ABBASI & ASSOCIATES, P.C.
8889 WEST OLYMPIC BLVD. SUITE 240
BEVERLY HILLS, CA 90211

Telephone number: (310) 358-9341    email: MATTHEW@ANHLEGAL.COM

**COURT USE ONLY**

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: __01__
(If known)

Filed on: __07/02/2013__

Name and address where payment should be sent (if different from above):
SAME AS ABOVE

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $    176,043.67

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  SECURED JUDGMENT CREDITOR
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br>BC485138: BC438836<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☑Other
Describe: SEE ATTACHED JUDGMENTS AND JUDICIAL LIENS ON REAL PROPERTY.

Value of Property: $ To be determined

Annual Interest Rate_____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 176,043.67

Basis for perfection: JUDGMENT CREDITOR

Amount of Secured Claim:    $    176,043.67

Amount Unsecured:    $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$    176,043.67

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

2

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See Instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   KASEY DIBA, ESQ.
Title:   AUTHORIZED OFFICER
Company:   FINNEGAN & DIBA, A Law Corporation
Address and telephone number (if different from notice address above):
3660 Wilshire Blvd., Suite #710
Los Angeles, CA 90010

_(Signature)_                           9-5-13
                                        _(Date)_

Telephone number: (213) 480-0292   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided in this claim is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name and address of the agent and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)                                                                                               3

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO SECURED CREDITOR, FINNEGAN & DIBA'S
## PROOF OF CLAIM

### ITEMIZED STATEMENT OF INTEREST OR CHARGES

### (AMENDED PROOF OF CLAIM AS OF 9/3/13)

| | |
|---|---|
| JUDGMENT AMOUNT: | $ 218,016.41 |

|  |  |
|---|---|
| -Principal Amount | ($109,843.89) |
| -Prejudgment interest | ($27,052.13) |
| -Attorney fees and costs | ($81,120.39) |

POST JUDGMENT INTEREST FROM 9/28/11 TO 12/21/11:     $ 4,897.86
(Calculated based on 82 days at the rate of $59.73 per day)

PAYMENT FROM DEBTOR ON12/21/11     -$ 84,689.00

POST JUDGMENT INTEREST FROM 12/22/11 TO 09/03/13:     $ 22,642.40
(Calculated based on Principal Outstanding: $133,327.41)
(560 days at the rate of $36.52 per day)

LEGAL FEES & COSTS FOR INITIAL ADVERSARY PROCEEDING     $15,176.00
(Case No. 2:12-ap-02430 Filed on 11/2/12 and dismissed following
dismissal of initial bankruptcy case on 5/28/2013; Current Case 2:13-bk-25661-BB)

**TOTAL:**     **$176,043.67**